UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NARCISA HARAMBASIC,

    Plaintiff,

vs.                                               Case No. 3:17-cv-00315-J-34JRK

BARACK OBAMA, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on March 20, 2017, by filing a Complaint and Request for Injunction (Doc. 1; Complaint). Upon review of the Complaint and attachment, although unclear, it appears Plaintiff may be seeking the entry of a temporary restraining order or preliminary injunction. See Complaint, Ex. A at 1, 2 ("I am asking the judge . . . for a restraining order so they shall never dream to come any close to me physically–or my daughter/family . . . ."). To the extent Plaintiff requests such relief, her request is due to be denied as she has failed to comply with the procedural prerequisites for obtaining this relief. If Plaintiff does intend to seek the entry of a temporary restraining order or preliminary injunction in this action, she must file a separate motion which complies with the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local Rules 4.05 and 4.06, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of preliminary injunctions and temporary restraining orders.

As stated above, a request for a temporary restraining order or preliminary injunction must be made by separate motion. See Local Rules 4.05(b)(1), 4.06(b)(1). With respect to a request for a temporary restraining order, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum. The legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest. See Local Rule 4.05(b)(4).

To the extent Plaintiff seeks a preliminary injunction, Rule 65(a)(1) states that the Court may issue a preliminary injunction only on notice to the opposing party. Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of

a hearing on the matter. See Local Rule 4.06(a). Moreover, Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with the same procedural requirements set forth in Local Rule 4.05(b), discussed above. See Local Rule 4.06(b)(1).

Because Plaintiff has failed to comply with these requirements, to the extent she includes a request for the entry of a preliminary injunction or a temporary restraining order in her Complaint, such request is due to be denied. If Plaintiff elects to file a motion requesting such relief, she should review and comply with all requirements of the Rules and the Local Rules of this Court. In light of the foregoing, it is

**ORDERED:**

To the extent Plaintiff requests the entry of a preliminary injunction or temporary restraining order in her Complaint and Request for Injunction (Doc. 1), this request is **DENIED without prejudice** to Plaintiff filing an appropriate motion.

**DONE AND ORDERED** at Jacksonville Florida, this 21st day of March, 2017.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties